UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY J. NURSEMENT,<br><br>             Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>             Defendant. | Case No. CV 10-269 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On January 20, 2010, plaintiff Dorothy J. Nursement ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; January 26, 2010 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II.   BACKGROUND

### A.   Previously Adjudicated Application

Plaintiff previously filed an application for Supplemental Security Income ("SSI") benefits on April 9, 1996. (Administrative Record ("AR") 47). On July 16, 2004, the prior ALJ determined that plaintiff was not disabled through the date of the decision (the "Prior Decision"). (AR 47-55). Specifically, the prior ALJ found: (1) plaintiff suffered from the severe impairments of L5-S1 spondylolisthesis, degenerative disc disease at L4-L5 and L5-S1, status post foot surgery, obesity, and borderline intellectual functioning (AR 49); (2) plaintiff's impairments did not meet or medically equal a listed impairment (AR 49); (3) plaintiff retained the residual functional capacity to perform a limited range of light work, with the mental restrictions that "[t]he job cannot require any math," and plaintiff "is only able to read on a second or third grade level" and "is limited to performing one or two step instructions and tasks"[1] (AR 52); (4) plaintiff has no past relevant work experience (AR 53); and (5) plaintiff could perform jobs that exist in significant numbers in the national economy (AR 53-54).

### B.   Application in Issue

On November 15, 2004, plaintiff filed a subsequent application for SSI benefits. (AR 337-49). Plaintiff asserted that she became disabled on June 8, 2003, due to back pain, pain in the head, bilateral numbness from her toes to her hips, foot problems, a broken right wrist, blurred vision, and memory loss. (AR 338, 392). The ALJ examined the medical record and heard testimony from plaintiff, who was represented by counsel, on November 5, 2007. (AR 795-818).

---

[1] In addition to the mental limitations, the prior ALJ also determined that plaintiff "requires a sit/stand option," is unable "to do any climbing, but can perform all other postural movements occasionally," and "can have no exposure to temperature extremes." (AR 52).

Case 2:10-cv-00269-JC   Document 17   Filed 10/15/10   Page 3 of 8   Page ID #:57

On December 3, 2007, the ALJ determined that plaintiff was not disabled through the date of the decision (the "Subsequent Decision"). (AR 24-37). Specifically, the ALJ found: (1) plaintiff suffered from the following severe combination of impairments: obesity, status post repeat distal radial fracture, ulnar styloid fracture, internal derangement of the left knee with a tear of the lateral meniscus with a popliteal cyst, bilateral metatarsalgia, status post second and third metatarsal tenotomy and capsulotomy with arthropathy of the interphalangeal joint of the second metatarsal and osteoplasty of the third metatarsal, degenerative disc disease at L4-5 with evidence of past nerve root involvement and an abnormality at L5-S1, borderline intellectual functioning, and depressive disorder, not otherwise specified (AR 28); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 29-30); (3) plaintiff retained the residual functional capacity to perform a range of sedentary work with certain limitations, including the mental capacity to "engage in simple repetitive tasks without limitation" but with "mild limitations in terms of performing complex and detailed tasks"[2] (AR 30); (4) plaintiff has no past relevant work experience (AR 35); and (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 36).

The Appeals Council denied plaintiff's application for review. (AR 9-11).

---

[2] In addition to the mental limitations, the ALJ fond that plaintiff "has the residual functional capacity to perform a range of sedentary work lifting and carrying 10 pounds occasionally, less than 10 pounds frequently, standing and walking 4 hours in an 8-hour workday, subject to a sit/stand option every 30 minutes, for a period of 5 minutes. In addition, [plaintiff] requires the use of a cane to ambulate distances of more than 100 feet at one time. [Plaintiff] may sit without significant limitation. She may occasionally climb 3 steps, but is unable to climb flights of stairs. She is precluded from climbing ropes, ladders and scaffolds and must avoid unprotected heights and walking on uneven terrain. [Plaintiff] may occasionally use ramps, balance, crawl and stoop. She may engage in light grasping and gripping with the right hand, but no forceful torquing of that extremity. She may frequently reach at or above shoulder height. . . . She has no social functioning or psychiatric limitations." (AR 30).

3

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in

|   |   |
|---|---|
| 1 | significant numbers in the national economy?  If so, the |
| 2 | claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///
///
///

IV.   DISCUSSION

    A.   **The ALJ Properly Reassessed Plaintiff's Residual Functional Capacity.**

Plaintiff argues that the ALJ erred by failing to adopt the mental limitations in plaintiff's residual functional capacity determined in the Prior Decision. (Plaintiff's Motion at 5-10). The Court disagrees.

    1.   **Applicable Law**

        a.   **Effect of Prior Decision**

A prior final determination that a claimant is not disabled creates a presumption of continuing non-disability with respect to any subsequent unadjudicated period of alleged disability. Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985); Lyle v. Secretary, 700 F.2d 566, 568 (9th Cir. 1983). The claimant can, however, overcome this burden by proving "changed circumstances," such as the existence of an impairment not previously considered, an increase in the severity of an impairment, or a change in the claimant's age category. See Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009) (new allegation of mental impairment and fact that claimant was approaching advanced age constitute changed circumstances); Schneider v. Commissioner, 223 F.3d 968, 973 (9th Cir. 2000) (finding changed circumstances of worsened psychological test scores and different diagnoses); Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988) (attainment of advanced age constitutes changed circumstance).

Even when a claimant has demonstrated changed circumstances and thus overcomes the presumption of continuing non-disability, a prior ALJ's findings concerning the claimant's residual functional capacity, education, and work experience or other findings required at a step in the sequential evaluation process for determining disability, are still entitled to some res judicata consideration in subsequent proceedings. Chavez, 844 F.2d at 693. Social Security Acquiescence

Ruling 97-4(9)[3] provides that an ALJ "must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding."

### b. Residual Functional Capacity

As mentioned above, one of the findings subject to res judicata consideration is a claimant's residual functional capacity. Residual functional capacity is "what [one] can still do despite [one's] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. § 416.945(a). A claimant's residual functional capacity includes all of her physical, mental, and other limitations. 20 C.F.R. §§ 416.945(a)(4), (b)-(d); Lee v. Astrue, 695 F. Supp. 2d 1033, 1038 (C.D. Cal. 2010) ("A claimant's residual functional capacity is what she can still do despite her physical, mental, nonexertional, and other limitations." (citing Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001))). Thus, although a claimant may have physical, mental, and other limitations, residual functional capacity represents a single finding integrating all of the claimant's restrictions.

### 2. Analysis

In this case, the ALJ determined that he was not required to adopt the prior ALJ's assessment of plaintiff's residual functional capacity because there was "a significant reduction in the claimant's residual functional capacity" since the Prior Decision. (AR 30). Plaintiff contends that the ALJ was required to adopt the Prior Decision's assessment of plaintiff's "residual functional capacity . . . for the

---

[3] Acquiescence Rulings are generally binding on all components of the Social Security Administration. 20 C.F.R. § 402.35(b)(2). Courts generally defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the Social Security Act or regulations. Holohan v. Massanari, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001); Paxton v. Secretary of Health and Human Services, 856 F.2d 1352, 1356 (9th Cir. 1988).

mental requirements of work activity." (Plaintiff's Motion at 9). Plaintiff argues that because the only mental impairment that the prior ALJ included in the Prior Decision was borderline intellectual functioning, and because "[l]ow intellectual functioning under the heading of borderline intellectual functioning does not get better," the current ALJ was not free to reassess plaintiff's mental limitations. (Plaintiff's Motion at 8-9).

Plaintiff's argument fails because, as discussed above, residual functional capacity represents a single finding integrating all of a plaintiff's physical, mental, and other limitations. Once the ALJ determined that plaintiff had demonstrated changed circumstances with respect to her residual functional capacity – a finding that plaintiff does not challenge – the ALJ was obligated to reassess plaintiff's current residual functional capacity in its entirety. See Chavez, 844 F.2d at 693-94; Social Security Acquiescence Ruling 97-4(9). The ALJ properly considered all of the evidence – including two psychiatric evaluations since the Prior Decision – in assessing plaintiff's residual functional capacity. (AR 30-35) (citing Exhibits B1F, B14F [AR 473-76, 723-30]). Plaintiff does not argue that the ALJ erred in evaluating the evidence to determine her current residual functional capacity. Accordingly, a reversal or remand is not warranted on this basis.[4]

V.  **CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 15, 2010

                                                 /s/
                            Honorable Jacqueline Chooljian
                            UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff's other argument, that the vocational expert's testimony lacked evidentiary value (Plaintiff's Motion at 9-10), lacks merit because it is entirely dependent on her argument that the ALJ failed to adopt the prior ALJ's findings as to her mental limitations.

8